IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES R. CAMP,<br>    Plaintiff,<br><br>vs<br><br>WARDEN ORLANDO HARPER, et al.,<br><br>    Defendants. | Civil Action No. 20-112<br><br>Magistrate Judge Dodge |

## ORDER

  Plaintiff James R. Camp initiated this action pursuant to 42 U.S.C. § 1983 by filing a motion for leave to proceed in forma pauperis on January 23, 2020. After he submitted the appropriate documentation, his motion was granted, and the Complaint was filed on April 27, 2020. In his Complaint, Plaintiff alleges that he was being improperly detained at the Allegheny County Jail despite the fact that he had signed the necessary paperwork to be extradited to the State of Florida regarding charges pending against him in that jurisdiction. He further alleges that after he made a "complaint" to jail personnel on December 3, 2019, he was retaliated against by being placed in lockdown for 23 hours a day. As relief, he seeks enforcement of the extradition and monetary damages in the amount of $250,000.

  On July 14, 2020, Plaintiff filed a "Motion Habeas Corpus" (ECF No. 13). In this motion, Plaintiff indicates that, on May 24, 2020, he was extradited to Florida where he is now being detained. He alleges, however, that because he signed extradition papers on October 20, 2019, both Pennsylvania and Florida "lost" the ability to extradite him because it did not occur until more than seven months later. He requests habeas corpus relief in the form of release from custody, claiming that the Court should dismiss all charges pending against him in both Pennsylvania and Florida. He further seeks the appointment of counsel.

If Plaintiff wishes to challenge the fact that he was not timely extradited, he is correct that he must seek habeas corpus relief. *See Michigan v. Doran*, 439 U.S. 282, 289 (1978) (a prisoner may raise a very limited challenge to extradition through a federal habeas corpus petition pursuant to 28 U.S.C. § 2241). However, the current action he has filed is a civil rights action, not a petition for writ of habeas corpus, and at any rate, any such petition must be filed in Florida, where he is currently detained. *See Rumsfeld v. Padilla*, 542 U.S. 426, 442-43 (2004) (a district court's jurisdiction to entertain a petition under § 2241 is territorially limited and extends only to persons detained and custodial officials acting within the boundaries of that district). Plaintiff indicates that he is being held in a facility in Ft. Lauderdale, which is within the Southern District of Florida. Therefore, to the extent that Plaintiff wishes to challenge his extradition or the fact that he is currently being detained, he must do so by filing a petition for writ of habeas corpus in the United States District Court for the Southern District of Florida.

For the reasons stated above, Plaintiff's motion for habeas corpus (ECF No. 13) is DISMISSED without prejudice to proceed in the judicial district in which he is presently detained.

BY THE COURT:

s/Patricia L Dodge
PATRICIA L. DODGE
United States Magistrate Judge

Dated: July 24, 2020

cc:  James R. Camp
     54718
     Joseph V. Conte Facility
     P.O. Box 407016
     Fort Lauderdale, FL 33340