IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES R. CAMP, <br><br> *Plaintiff*, <br><br> v. <br><br> WARDEN ORLANDO HARPER, CAPTAIN HUNGERMAN, and MR. ERICH, <br><br> *Defendants*. | Civil Action No. 2:20-cv-112 <br><br> Hon. William S. Stickman IV <br> Hon. Patricia L. Dodge |

## ORDER OF COURT

*Pro se* Plaintiff James R. Camp filed this action against Defendants purportedly raising claims under 42 U.S.C. § 1983. (ECF No. 10). Plaintiff then filed a "Motion Habeas Corpus" (ECF No. 13) regarding his extradition and he requested that he be released from custody and the Court dismiss all charges pending against him in both Pennsylvania and Florida. Magistrate Judge Patricia L. Dodge dismissed Plaintiff's motion for habeas corpus without prejudice for him to proceed in the judicial district in which he is presently detained. (ECF No. 16). Thereafter, Magistrate Judge Dodge issued a Report and Recommendation recommending that the Court dismiss Plaintiff's Complaint without prejudice with leave to amend and that his claim regarding the alleged failure to extradite him be dismissed as moot. (ECF No. 18). Plaintiff was given the opportunity to file objections by August 10, 2020, and he failed to do so.

After its independent *de novo* review of the record, the Court hereby ADOPTS Magistrate Judge Dodge's Report and Recommendation as its Opinion.

AND NOW, this 19th day of August 2020, IT IS HEREBY ORDERED that the Complaint (ECF No. 10) is DISMISSED WITHOUT PREJUDICE with leave to amend as to

Plaintiff's claim regarding being improperly retaliated at the Allegheny County Jail. Plaintiff has twenty (20) days to file an Amended Complaint alleging a sufficient factual basis, including to whom his complaints were made, the manner and substance of his complaint, whether it represented a formal grievance, whether he exhausted his administrative remedies and the identity of the person(s) who retaliated against him by moving him into the cell in which he was locked down. Plaintiff must also set forth forms of relief that are available in a 42 U.S.C. § 1983, which does not include release from custody. The Court would caution Plaintiff that his Amended Complaint must be a new complete pleading and it should not incorporate or reference his initial Complaint.

IT IS FURTHER ORDERED that Plaintiff's claims regarding the alleged failure to extradite are DISMISSED AS MOOT. According to Plaintiff's own representations, he was extradited to Florida in May of 2020. If Plaintiff wishes to challenge his extradition, he can seek habeas corpus relief in the United States District Court for the Southern District of Florida.

BY THE COURT:

*/s/ William S. Stickman IV*
WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE